**Supreme Court**

No. 2012-237-Appeal.
No. 2012-239-Appeal.
No. 2014-254-Appeal.
(K 07-481)

Valerie L. Bremer          :

          v.               :

William G. Bremer.          :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Supreme Court

No. 2012-237-Appeal.
No. 2012-239-Appeal.
No. 2014-254-Appeal.
(K 07-481)

Valerie L. Bremer    :

     v.      :

William G. Bremer.    :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Robinson, for the Court.** Before the Court are three appeals filed by Valerie L.

Bremer from various proceedings in the Family Court surrounding her divorce from William G.

Bremer.  This case came before the Supreme Court pursuant to an order directing the parties to

appear and show cause why the issues raised in this appeal should not be summarily decided.

After a close review of the record and careful consideration of the parties' arguments, we are

satisfied that cause has not been shown and that these appeals may be decided at this time.  For

the reasons set forth in this opinion, we affirm the judgment of the Family Court in all respects.

### I

### Facts and Travel

The parties' divorce was granted from the bench on May 30, 2008, and a final judgment

of divorce was ultimately entered on February 19, 2010.  However, that was not the end of the

matter—because, on June 9, 2010, Valerie filed a complaint in Superior Court contending that

she had an interest in two businesses that she and William had operated during their marriage.[1] William then filed two motions in the Family Court seeking clarification of the division of assets, specifically as to the businesses. On March 26, 2012, the Chief Judge of the Family Court issued an order assigning William's motion for clarification to the Family Court justice who had presided over the original divorce hearings. Valerie's first appeal is from that assignment order. Subsequently, on June 8, 2012 (after rendering a bench decision on April 4, 2012), the Family Court justice to whom the matter was assigned entered an order clarifying the final judgment of divorce and awarding the businesses to William. That order forms the basis of Valerie's second appeal.

Quite apart from the issues involving the businesses, William moved, in Family Court, to have Valerie adjudged in contempt due to her failure to meet the terms of the February 19, 2010 final judgment of divorce. On June 27, 2013, the Chief Judge of the Family Court entered an extremely thorough and well-thought-out order adjudging Valerie in contempt and ordering her to comply with the final judgment of divorce or face incarceration. Also included in the order was an award of interest against Valerie. Valerie's third appeal is an appeal from the order adjudging her in contempt.[2] We shall address each of Valerie's appeals in turn.

---

[1] William states in his filings before this Court that the Superior Court action was stayed pending a decision in Family Court regarding the businesses. We have been unable to discern from the Superior Court docket sheet whether or not a stay was in effect. However, from the entire record before us, it appears to this Court that the Superior Court action had been stayed. Regardless, the Family Court was the most appropriate court to deal with the ownership of the businesses since that court had divided the assets during the divorce litigation. Additionally, we note that there was no decision in the Superior Court during the pendency of this action in the Family Court.

[2] It is worth stating that the parties do not dispute that Valerie did eventually comply with the terms of the order adjudging her in contempt and was never incarcerated in connection therewith.

## II

## Analysis

## A

## The Assignment Order

We turn first to the appeal from the order by the Chief Judge of the Family Court assigning the motion for clarification to the Family Court justice who had presided over the original divorce action. This appeal is utterly baseless. This Court does not review such interlocutory orders. See Coit v. Tillinghast, 91 A.3d 838, 843 (R.I. 2014) (noting that "[i]nterlocutory orders are those that are provisional or temporary, or that decide some intermediate point or matter but are not a final decision of the whole matter" and further stating that "[g]enerally, interlocutory orders are not subject to review") (internal quotation marks omitted). However, even if we were to address the merits, it would be our conclusion that the Chief Judge acted appropriately in view of the administrative powers granted to her under G.L. 1956 § 8-10-14.[3] We consider it to be particularly admirable that the Chief Judge did everything in her power to move the motion for clarification forward in a manner that ensured the greatest judicial efficiency and fairness to the parties. Thus, Valerie's first appeal is unavailing.

## B

## The Clarification Order

Like her appeal of the assignment order, Valerie's appeal from the order clarifying the division of assets is unconvincing. We apply a deferential standard of review to a decision of the Family Court. Ruffel v. Ruffel, 900 A.2d 1178, 1184 (R.I. 2006). We will not "disturb the trial

---

[3] General Laws 1956 § 8-10-14 provides in pertinent part as follows: "The [C]hief [J]udge of the [F]amily [C]ourt shall be the administrative judge of the court. He or she shall be the head of the court and have supervision and control of the calendars and of the assignment of the justices."

justice's findings of fact unless it can be shown that he or she has overlooked or misconceived relevant and material evidence or was otherwise clearly wrong." Id. (internal quotation marks omitted). Valerie contends that a decision was improperly rendered on the motion for clarification before she was able to enter evidence. However, after a thorough review of the record in this case, it is clear to this Court that she never asked the Family Court justice presiding over the motion for clarification for an evidentiary hearing; nor did she ask to make an offer of proof, despite the fact that the Family Court justice specifically asked if she had anything that she "wish[ed] to present." Valerie makes an additional claim that the order clarifying the division of assets varied from what the Family Court justice stated from the bench; however, this Court perceives no material difference between the bench decision and the order. We would add that the Family Court justice expressly approved the order as being in accordance with his bench decision after hearing argument from both parties on the subject.

With respect to any challenge by Valerie on appeal to the actual substance of the order clarifying the division of assets, we once again find her assertions unpersuasive. The decision on the motion for clarification simply reflected what was decided as a part of the original divorce. The transcript from the May 30, 2008 decision—which divided the parties' marital assets as a part of the original divorce—indicates that the Family Court justice did, at that time, assign value to the businesses.[4] As the Family Court justice recognized in his decision on the motion for clarification, he assigned a value to the equipment owned by the companies, a house titled to one of the companies, accounts in the name of the companies, and the companies' goodwill.

---

[4] We note that the Family Court justice, while ruling on the motion for clarification, stated the following with respect to the original May 30, 2008 bench decision in the parties' divorce action: "The parties * * * rested at about 3:15 on a Friday afternoon, and I asked if I could reserve decision and work on the case and both attorneys begged me to issue a decision that day. I did. I took a short recess and came back on the bench and gave a bench decision * * *."

Moreover, the Family Court justice, in his original division of assets and again when he clarified that division, stated that he was "assign[ing] 50 percent of [the assets] to each of [the parties]." It is clear, as a matter of fundamental arithmetic, that the total assets of the parties could only be divided on the basis of 50 percent going to Valerie and 50 percent going to William if William was awarded the businesses. Consequently, the ruling on the motion for clarification did no more than explicitly state what the Family Court had already decided; it did not break any new ground. Accordingly, it is our conclusion that the Family Court justice did not commit any error in issuing a decision on William's motion for clarification. No argument raised by Valerie on appeal has convinced us otherwise.[5]

## C

### The Contempt Order

Lastly, we must address Valerie's appeal of the order adjudging her in contempt. This Court has recognized that "[t]he authority to find a party in civil contempt is among the inherent powers of our courts." Now Courier, LLC v. Better Carrier Corp., 965 A.2d 429, 434 (R.I. 2009). Therefore, "[a] hearing justice's [f]indings of fact in a contempt hearing will not be disturbed unless they are clearly wrong or the [hearing] justice abused his or her discretion. * * * Nor will we substitute our reading of the evidence for that of the [hearing] justice if the record supports the hearing justice's findings." Id. (internal quotation marks omitted). Valerie contends that the Family Court did not have jurisdiction to decide the motion to adjudge her in contempt because the two just-discussed appeals were pending in this Court; it is her argument that, under Rule 62 of the Family Court Rules of Domestic Relations Procedure, there is an automatic stay of all actions in the Family Court when an appeal is pending in this Court. We

---

[5] At oral argument before this Court, Valerie's attorney opted not to pursue his jurisdictional contentions.

need not even discuss that argument because this Court issued an order on August 16, 2012, remanding the case to the Family Court "for hearing on motions to * * * adjudge [Valerie] in contempt * * *."

Valerie also argues that she should not have been held in contempt because the decision on the motion for clarification effectively reset the clock; she claims that instead of having three years from the final judgment of divorce to pay William what he was owed, she had three more years from the date of the decision clarifying the division of assets. Since the decision clarifying the division of assets was simply a more explicit statement of what was set forth in the original final judgment of divorce, this argument is also unavailing.

Valerie makes yet another argument to the effect that it was improper for the Chief Judge to require that she pay interest, given that the original final judgment of divorce did not provide for interest. However, it is plainly within the discretion of the court, in ruling on a motion to adjudge a party in contempt, to impose interest; such interest was to compensate the opposing party and ensure compliance with the order of the court. See Trahan v. Trahan, 455 A.2d 1307, 1312 (R.I. 1983) ("[T]he majority rule is that the amount of a fine imposed in a contempt proceeding may be the actual damage sustained by the injured party. * * * Therefore, in order to indemnify the aggrieved party, interest may be awarded as part of the fine where necessary to compensate the injured party for waiting for funds to which he was entitled."); see also Pontbriand v. Pontbriand, 622 A.2d 482, 486 (R.I. 1993) ("A contempt order * * * relates to the power of the Family Court to vindicate the authority of its decrees by coercing a respondent into obedience thereto.") (internal quotation marks omitted). The interest awarded in the context of the motion to adjudge Valerie in contempt is unrelated to any interest which may or may not have been awarded in a final judgment of divorce.

Accordingly, we are not favorably impressed by any of Valerie's arguments on appeal with respect to the motion to adjudge her in contempt. She consented to the entry of that final judgment of divorce, and she has admitted that she owed William certain sums of money pursuant to the final judgment. She simply quibbles as to when payment of those funds was due. However, given the fact that she was found in contempt over three years after the final judgment of divorce (in which she was granted only three years within which to take the actions ordered), we are all the more convinced that the Chief Judge did not abuse her discretion in holding Valerie in contempt. We would note, as well, that the Chief Judge made explicit and numerous findings with regard to Valerie's unclean hands, "vengeful" attitude, "manufactured" testimony, dishonesty before the Court, and lack of credibility. Therefore, we perceive absolutely no valid basis, and Valerie has pointed to none, for disturbing the contempt finding. In fact, we are of the opinion that, in the instant case, the Chief Judge acted with a commendable amount of thought, dedication, and fairness.

## III

### Conclusion

For the foregoing reasons, we find no merit in any of Valerie's three appeals. Accordingly, we affirm the actions of the Family Court and order that this record be returned to that tribunal.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**    Valerie L. Bremer v. William G. Bremer.

**CASE NO:**    No. 2012-237-Appeal.
No. 2012-239-Appeal.
No. 2014-254-Appeal.
(K 07-481)

**COURT:**    Supreme Court

**DATE OPINION FILED:**    May 29, 2015

**JUSTICES:**    Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**    Associate Justice William P. Robinson III

**SOURCE OF APPEAL:**    Kent County Family Court

**JUDGE FROM LOWER COURT**:

Chief Justice Haiganush R. Bedrosian

Associate Justice Stephen J. Capineri

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Donald R. Lembo, Esq.

For Defendant:  Evan M. Kirshenbaum, Esq.